**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

_____

**SCF, LLC,**

    **Plaintiff,**

**v.**                                                                               **No. _____
JURY DEMAND**

**HARTFORD FIRE INSURANCE
COMPANY,**

    **Defendant.**

_____

**COMPLAINT**
_____

COMES NOW the Plaintiff, SCF, LLC, and for its Complaint against Hartford Fire Insurance Company, would state and show as follows:

**PARTIES AND JURISDICTION**

1. SCF, LLC ("Plaintiff") is a Tennessee limited liability company with its principal office located in Adamsville, McNairy County, Tennessee. At all times relevant hereto, Plaintiff had an insurable interest in the commercial buildings located at or around 320 Industrial Road, Adamsville, McNairy County, Tennessee (the "Insured Premises").

2. Plaintiff has two members, both of which are individuals. The first member of Plaintiff is a resident and citizen of Savannah, Tennessee, and the second member of Plaintiff is a member of Muscle Shoals, Alabama.

3. Hartford Fire Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including McNairy County, Tennessee. Defendant

is a corporation formed under the laws of the State of Connecticut with its principal place of business located at One Hartford Plaza, Hartford, Connecticut 06155.

4. This Complaint originates as the result of a storm event that damaged the buildings located at the Insured Premises, and Defendant's wrongful failure and refusal to promptly and fully pay Plaintiff for the insured losses it sustained.

5. Jurisdiction and venue are appropriate in this Court.

## FACTS

6. At all times relevant hereto, Plaintiff was an insured policyholder pursuant to an insurance contract whereby Defendant agreed to insure the buildings located on the Insured Premises against property damage, bearing Policy No. 20 UUN IA4035 (the "Policy").

7. A copy of the Policy (excluding auto, liability, etc.) is attached hereto as Exhibit "1".

8. At all times relevant hereto, commercial buildings were located on the Insured Premises, consisting of approximately 800,000 square feet.

9. The Policy provided insurance coverage for loss or damage to the buildings located on the Insured Premises.

10. The Policy's limit of insurance on the buildings insured by the Policy was $42,748,800 at the time of the subject Loss.

11. The Policy is an "all risk" policy, which means that it provided insurance coverage for all risks of direct physical loss of or direct physical damage to covered property unless the loss is specifically excluded or limited by the Policy.

12. Pursuant to the Policy and at all times relevant to this Complaint, Plaintiff paid a premium to Defendant in exchange for insurance coverage as set forth in the Policy. Plaintiff paid the required premiums at all times relevant to this Complaint.

13. On or around October 26, 2019, while the Policy was in full force and effect, a severe storm event with winds of more than 80 miles per hour struck the buildings located on the Insured Premises, causing substantial loss and damage (the "Loss").

14. As a result of the Loss, the buildings located on the Insured Premises suffered immediate and direct physical loss and damage, including, but not limited to, damage to the roofs, walls, HVAC units, siding, interior water leaks, etc.

15. Plaintiff promptly reported the Loss to Defendant within 48 hours of the Loss.

16. The Policy was in full force and effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

17. Plaintiff fulfilled all duties imposed upon it by the Policy and undertook reasonable and timely efforts to mitigate its damages.

18. The damage and loss sustained to the buildings on the Insured Premises as a result of the Loss is covered and compensable under the terms of the Policy.

19. Defendant has acknowledged that the Loss caused covered damage and loss to the Insured Premises and has in fact issued partial payments associated with such damage in the amount of approximately $4,000,000.00.

20. On June 19, 2020, Plaintiff submitted a sworn statement in proof of loss to Defendant formalizing its claim in the amount of $25,803,878.07.

21. In less than 24 hours after the proof of loss was submitted, Defendant rejected it via a letter dated June 20, 2020.

22. As of the filing of this lawsuit, Defendant has still made no decision on the claim, but instead engaged in a pattern of delay in an apparent hope that Plaintiff would just abandon its claim.

23. As of the filing of this lawsuit, Defendant has never provided a substantive response to the claim.

24. To date, Defendant has declined to state when payment would be made, how much will be paid, and the basis of that decision.

25. Despite the fact that Plaintiff has fulfilled all duties imposed upon it by Defendant and is at no fault in this matter, Defendant has failed to fully and promptly pay Plaintiff's claim for insurance proceeds.

26. To date, Defendant has failed to fully and properly pay Plaintiff's claim as required by the Policy.

27. There is no reasonable coverage dispute or other justifiable reason for Defendant's failure to pay Plaintiff's claim associated with the damage sustained.

28. Prior to the Loss, Defendant sent its employees and/or vendors to inspect the buildings on the Insured Premises in furtherance of its underwriting of the Policy.

29. Defendant continued to insure the building after its pre-Loss inspections.

30. During the underwriting inspection(s), the roofs and walls of the buildings on the Insured Premises were inspected by Defendant. Defendant made no recommendations to Plaintiff as a result of the inspection(s) of the roofs and walls and determined the buildings to be in good condition and within Defendant's underwriting standards.

31. Defendant's payments to date are insufficient to indemnify Plaintiff for the damage sustained as a result of the Loss as required by the Policy, and Defendant's payments to date are a fraction of the actual amount of loss.

32. Defendant's failure to timely and fully pay Plaintiff the amount owed pursuant to the Policy is without justification.

33. Defendant's failure to pay the money and benefits due and owing Plaintiff under the Policy has caused it to initiate this lawsuit to recover the insurance proceeds to which it is entitled.

34. As a direct and proximate cause of Defendant's actions/inactions, Plaintiff has sustained substantial compensable losses, including all amounts due Plaintiff under the Policy and other such costs and expenses incurred as a result of Defendant's wrongful conduct.

## CAUSES OF ACTION

### Count I – Breach of Contract

35. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference, as if set forth verbatim.

36. The Policy is a binding contract and is supported by valid consideration.

37. Defendant is in total, material breach of the Policy, and Defendant is liable to Plaintiff under the Policy for the Loss.  Specifically, Defendant breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy.

38. As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts owed as a result of the Loss, including but not limited to amounts pursuant to the Policy for the damage to the buildings located on Insured Premises,

5

covered loss of business income / extra expenses, temporary repairs and mitigation expenses, and all other amounts to which Plaintiff is contractually entitled pursuant to the Policy, as well as consequential damages, plus interest thereon.

39. Defendant's actions and breaches have further caused Plaintiff great and substantial harm due to the fact that it has been unable to repair and/or replace much of the damage caused by the Loss as a result of the financial hardship unduly placed upon it as a direct and proximate result of Defendant's failure to pay Plaintiff the proper amounts as required by the Policy.

40. Defendant is liable to Plaintiff for its losses.

41. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) refused and failed to obtain all reasonably available information and generally ignored Plaintiff's claim; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (6) failed to treat Plaintiff's interests equal to that of its own; (7) failed to promptly provide Plaintiff with a reasonable explanation for its refusal to fully pay Plaintiff's claim; (8) failed to timely and fully pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (9) agreed and acknowledged there was covered damage to the Insured Premises but then refused to pay even for all of the damage that Defendant itself acknowledged; (10) made untrue, false and fabricated

claims that portions of the Insured Premises had not sustained covered damage, all while Defendant knew these representations were untrue; (11) delayed its handling of the claim and refused to make prompt payments or otherwise conclude its investigation and adjustment of the Loss; (12) ignored estimates provided by its own consulting vendor in an effort to save money on the claim, to the detriment of Plaintiff; (13) failed to acknowledge with reasonable promptness communications from Plaintiff and failed to communicate the status of its investigation to Plaintiff; (14) failed to affirm or deny coverage for the Loss within a reasonable time; (15) failed to promptly provide a reasonable and accurate explanation of its justifications and reason for not paying Plaintiff's claim and/or attempted to settle Plaintiff's claim for amounts substantially less than the reasonable value of Plaintiff's claim; (16) misrepresented facts and/or provisions of the Policy relating to coverage of the Loss; and (17) engaged in such other acts toward Plaintiff that are contrary to the duties owed to Plaintiff as established by the customs and practices in the industry, the law, and the Policy.  Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy.  Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to fully compensate Plaintiff for its losses, and withheld monies and benefits rightfully due Plaintiff.  In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interest and should be punished.  Plaintiff seeks, and is entitled to, punitive damages.

　　　　WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that proper process be issued and served on Defendant requiring it to answer or otherwise respond in the time

period allotted by law, and that this Honorable Court award judgment against Defendant as follows:

    A.    For compensatory damages not to exceed $40,000,000.00;

    B.    For punitive damages not to exceed $80,000,000, or such other amount authorized by law or as the jury may find appropriate;

    C.    For all costs incurred as a result of this action;

    D.    For pre- and post-judgment and interest; and

    E.    For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury.

Respectfully submitted,

McWHERTER SCOTT & BOBBITT PLC

s/ *J. Brandon McWherter*
J. BRANDON McWHERTER #21600
brandon@msb.law
JONATHAN L. BOBBITT #23515
jonathan@msb.law
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
(615) 354-1144

CLINTON H. SCOTT #23008
clint@msb.law
54 Exeter Rd., Suite D
Jackson Tennessee 38305
(731) 664-1340

*Attorneys for Plaintiff*