IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SCF, LLC,

    Plaintiff,

v.                                                                          No. 1:20-cv-01173-JDB-jay

HARTFORD FIRE INSURANCE
COMPANY,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

---

On July 21, 2021, the Defendant, Hartford Fire Insurance Company ("Hartford"), moved for leave to file an amended answer and counterclaim for the purpose of adding a claim for rescission or, in the alternative, for reformation of the property insurance contract at issue in this case. (Docket Entry ("D.E.") 78.) The motion was denied in an order entered September 16, 2021. (D.E. 165.) Pending on the Court's docket is Hartford's motion for reconsideration of certain portions of the September 16, 2021, order (D.E. 169), to which Plaintiff, SCF, LLC ("SCF"), has responded (D.E. 170).

In its order, the Court analyzed Defendant's request for relief pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which allows for modification of a scheduling order "only for good cause and with the judge's consent" where, as was the case here, the litigant sought to amend its pleadings after the expiration of the scheduling order deadline. (*See* D.E. 165 at PageID 9415-16.) The Court explained that the rule's good cause standard required it to consider the moving party's diligence in attempting to meet the scheduling order's deadlines and the potential prejudice to the non-moving party. (*See id.* at PageID 9416.) The Court concluded that Hartford did not act

1

with diligence and that Plaintiff would be significantly prejudiced if the amendment and counterclaim were permitted. The Defendant now asks the Court to reconsider its ruling with respect to the reformation claim.[1]

A district court has the inherent power to reconsider an interlocutory order before entry of a final judgment. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004). Traditionally, reconsideration of an interlocutory order is appropriate when there is (1) an intervening change in the controlling law; (2) the discovery of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (citing *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). "Although a court can revise its prior rulings, it should not do so in the vast majority of instances, especially where such motions restyle or rehash the initial issues." *Benoist v. Titan Med. Mfg., LLC*, No. 2:19-cv-02704-SHM-tmp, 2021 WL 2657276, at *1 (W.D. Tenn. June 28, 2021) (quoting *In re Se. Milk Antitrust Litig.*, No. 2:07-cv-208, 2011 WL 3793777, at *1 (E.D. Tenn. Aug. 25, 2011)) (internal quotation marks omitted); *see also Holt v. Macy's Retail Holdings, Inc.*, No. 1:08-cv-1285-JDB-egb, 2010 WL 11603080, at *2 (W.D. Tenn. July 2, 2010) ("By filing their motion for reconsideration, . . . the Plaintiffs simply seek a second bite at the apple, to which they are not entitled."). "When the parties simply view the law in a light contrary to that of the court, the proper recourse is not to file a motion to reconsider but rather to file an appeal." *Weimar v. Geico Advantage Ins. Co.*, No. 19-2698-JTF-tmp, 2020 WL 1056311, at *3 (W.D. Tenn. Mar. 4, 2020) (quoting *Bailey v. Real Time Staffing Servs., Inc.*, 927 F. Supp. 2d 490, 501-02 (W.D. Tenn. 2012)) (brackets and internal quotation marks omitted).

---

[1] Defendant does not seek reconsideration of the Court's decision with respect to the rescission claim.

2

The local rules of this district require that a motion for revision of an interlocutory order "must specifically show":

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b). The rule prohibits a party from "repeat[ing] any . . . written argument made by the movant in support of . . . the interlocutory order that the party seeks to have revised." LR 7.3(c).

In the instant motion, Hartford asserts, pursuant to LR 7.3(b)(3), that an order permitting the filing of an amended answer and counterclaim for reformation of the insurance contract would not prejudice the Plaintiff, that failure to obtain relief would potentially result in a windfall for SCF, and that it did not unduly delay in attempting to bring its counterclaim. However, it points to no manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to it prior to the September 16, 2021, order. Rather, the issues raised in the instant motion for reconsideration are simply a rehashing of those previously presented, considered, and rejected by the Court in its order. The motion is, therefore, DENIED. *See Advanced Rehab & Med., P.C.*, *v. Amedisys Holding, LLC*, No. 1:17-cv-01149-JDB-jay, 2019 WL 4145239, at *3 (W.D. Tenn. Aug. 30, 2019) (motion to reconsider that failed to make any showing listed under LR 7.3(b) but only repeated arguments asserted in prior motions violated LR 7.3(c)); *Bey v. HSBC Bank USA, N.A.*, No. 15-cv-2496-STA-tmp, 2015 WL 12867940, at **1-2 (W.D. Tenn. Oct. 22, 2015) (where plaintiff failed to allege any of the requirements of LR 7.3(b) but merely repeated much of what was included in her original motion, the request to reconsider constituted a "clear violation" of LR 7.3(c)).

IT IS SO ORDERED this 27th day of October 2021.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE
