IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SCF, LLC,

    Plaintiff,

v.                                                                                                                                                                                                                                                No. 1:20-cv-01173-JDB-jay

HARTFORD FIRE INSURANCE
COMPANY,

    Defendant.

---

ORDER DENYING PLAINTIFF'S MOTION FOR TIME LIMITATION ON TRIAL

---

      This lawsuit for breach of contract, statutory bad faith, and punitive damages arose from the alleged wrongful failure of the Defendant, Hartford Fire Insurance Company ("Hartford"), to fully pay an insurance claim under a policy issued to the Plaintiff, SCF, LLC ("SCF"). In an order entered May 5, 2021, United States Magistrate Judge Jon A. York granted Defendant's motion to bifurcate and stay SCF's claims for statutory bad faith and punitive damages. (Docket Entry ("D.E.") 74.) Thus, the trial on those claims would proceed only if the jury were to find that Hartford breached the insurance contract. Judge York's order was affirmed by the undersigned on September 15, 2021. (D.E. 164.) Hartford requested three weeks in which to try the breach of contract phase ("Phase I"). During a status conference on November 5, 2021, the Court advised that its first open setting for a trial of that length was in October 2022. SCF inquired as to the availability of a two-week trial setting. The Court responded that, while its schedule allowed for a two-week proceeding in May 2022, prior obligations of the undersigned would not permit the trial to extend past two weeks. After the parties failed to reach an agreement on the matter, Plaintiff moved for an order imposing a time limitation of thirty hours per side for Phase I and requiring

1

the breach of contract portion to proceed as a two-week trial in May 2022.  (D.E. 180.)  As the issue has been fully briefed, it is ripe for disposition.

Rule 16 of the Federal Rules of Civil Procedure permits the district court to consider "establishing a reasonable limit on the time allowed to present evidence" at trial.  Fed. R. Civ. P. 16(c)(2)(O).  Like other federal procedural rules, Rule 16 "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Thus, the district courts have "broad discretion to place limits on the presentation of evidence to prevent delay, waste of time, and needless presentation of cumulative evidence."  *Dassault Systèmes, SA v. Childress*, 828 F. App'x 229, 244 (6th Cir. 2020) (quoting *Sutkiewicz v. Monroe Cty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997)).  Limitations that are rigid or inflexible are disfavored, *see Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1408 (11th Cir. 2011); *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996), while reasonable accommodations when necessary are encouraged, *Watkins v. Pinnock*, 802 F. App'x 450, 460 (11th Cir. 2020) (per curiam).

As noted above, the May 2022 setting is available for two weeks, and no more, leaving little room for flexibility or any reasonable accommodation that may be required.  Furthermore, the realities of this particular case cut against such a rigidly short setting.  Trials in insurance contract actions are generally not long, drawn-out affairs.  This case will likely prove an exception, as it involves numerous witnesses, many of whom are experts; thousands of pages of documents; and hours of videos.  That this is one of the most acrimonious cases ever to land on this Court's docket in over three decades on the bench does not help matters.  In short, while the Court has discretion to impose a time limitation on the trial of this matter, it also has discretion not to do so.  Despite its understanding of SCF's desire to proceed to trial sooner rather than later, the Court

finds, for the reasons articulated herein, that the relief sought by Plaintiff is inappropriate here. The motion is DENIED.

    IT IS SO ORDERED this 16th day of March 2022.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE